[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 29, 2010
JOHN LEY
CLERK

No. 10-11928
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00338-JEC-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LAGUNAS-CAVALLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 29, 2010)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jorge Lagunas-Cavaller appeals his 60-month sentence, imposed following his guilty plea to illegally reentering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Lagunas-Cavaller asserts his sentence was substantively unreasonable, because it was unsupported by the § 3553(a) factors. He further argues a 60-month sentence would lead to unwarranted discrepancies between his sentence and those of similarly situated defendants. After review, we affirm Lagunas-Cavaller's sentence.[1]

Lagunas-Cavaller's 60-month sentence is substantively reasonable. The sentence was within the applicable guideline range and well below the statutory maximum for the offense. Moreover, the court gave due consideration to the § 3553(a) factors, and imposed a sentence that was sufficient, but not greater than necessary, to comply with the purposes of sentencing. Lastly, Lagunas-Cavaller has failed to demonstrate that he was similarly situated to any defendant who had a similar record and was found guilty of similar conduct, but who received a shorter sentence.

**AFFIRMED.**

---

[1]We review a final sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244-45 (11th Cir. 2005). Reasonableness review is akin to the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).